Nancy Robin GREENWELL, individually and as Executrix of the Estate of Richard W. Greenwell, Plaintiff,

Carolina Casualty Insurance Company, Intervening Plaintiff–Appellant,

v.

David L. BOATWRIGHT; Patricia Callis; KLLM, Inc., Defendants–Appellees.

No. 98–5723.

United States Court of Appeals, Sixth Circuit.

Argued: June 10, 1999

Decided and Filed: July 28, 1999

Brian D. Sullivan (argued and briefed), James J. Turek (briefed), Reminger & Reminger, Cleveland, Ohio, for Intervenor–Appellant.

J. Denis Ogburn (argued and briefed), Crafton, Martin, Ogburn & Zipperle, Louisville, Kentucky, for Defendant–Appellee KLLM, Inc.

Armer H. Mahan, Jr. (briefed), Lynch, Cox, Gilman & Mahan, Louisville, Kentucky, for Defendants–Appellees Boatwright and Callis.

Before: MERRITT, KENNEDY, and SILER, Circuit Judges.

## OPINION

MERRITT, Circuit Judge.

Intervening plaintiff Carolina Casualty Insurance Company appeals the District Court's summary judgment for defendant KLLM, Inc., a trucking company, in this diversity action regarding the scope of KLLM's insurance coverage. Plaintiff Nancy Greenwell sued KLLM and David Boatwright, the driver of KLLM's truck, after she was injured and her husband died as a result of an automobile collision with a semi-tractor driven by Boatwright for KLLM on a Kentucky highway. KLLM had leased the semi-tractor from a third party. The District Court ruled that Boatwright's use of his semi-tractor at the time of the collision did not exclude coverage under Carolina Casualty's insurance policy. We hold that coverage was excluded under Kentucky law and reverse the District Court's judgment and grant summary judgment to Carolina Casualty.

Carolina Casualty issued an insurance policy to the owners of trucks leased to KLLM to cover the nonbusiness use of the trucks. (KLLM had other policies of insurance covering the business use of the trucks it had leased.) The policy limited coverage to circumstances when an "auto" was not being used for business purposes. The policy specifically did not apply to autos while "used to carry property in any business" or while "used in the business of anyone to whom the 'auto' is rented." At the time of the collision between Boatwright's and Greenwell's vehicles, Boatwright had recently dropped off a trailer in Louisville, Kentucky, that he had pulled from Florida. Boatwright had wanted to unload the trailer upon arriving in Louisville, but he was unable to do so because of heavy congestion on the unloading dock. Boatwright decided to leave his trailer at the dock and drive thirty miles outside of Louisville to find an inexpensive motel to spend the night before returning to the dock the following day to complete delivery of the load. The collision occurred en route to the motel.

The District Court held that Boatwright's use of the semi-tractor did not exclude coverage under Carolina Casualty's policy because his decision to leave his trailer in Louisville and travel to find a motel for the night did not constitute a "use of the tractor for the benefit of KLLM." The District Court, however, incorrectly cited the Kentucky case of *Grimes v. Nationwide Mut. Ins. Co.*, 705 S.W.2d 926 (Ky.App.1985), for this proposition. *Grimes* involved an insurance policy similar to the one in issue here since coverage under the policy did not apply while the automobile was carrying property in any business or while the automobile was used in the business of anyone to whom it is rented. See *id.* at 931. The *Grimes* Court held that this exclusion was not applicable to a semi-tractor involved in an accident when the tractor was neither pulling a trailer nor furthering the business of its lessee. The semi-tractor had complet-

ed a delivery earlier and left its trailer behind, and the delivery itself was not for the permanent lessee. The Court explicitly noted, however, that it "might be reasonable to conclude that the [driver] was using his truck in the business of [the trucking company]" had he been returning home from a delivery for the company. As the Court pointed out, this was the holding in *St. Paul Fire Ins. Co. v. Frankart,* 69 Ill.2d 209, 13 Ill.Dec. 31, 370 N.E.2d 1058, 1062 (1977), which holds that a driver continues to use his truck in the business of his company even after a delivery is made until the driver returns to a certain origin, i.e., either his home terminal or the terminal from where the haul originated or was assigned. The *Frankart* Court ruled that a driver en route to his home after making a delivery with no further assignments was still using his truck in his company's business. See *id.*

Following *Grimes* and *Frankart,* as well as common sense, we conclude that Boatwright was still engaged in the business of KLLM while driving to a motel after leaving his trailer behind in Louisville. Just because Boatwright was not pulling a trailer does not mean that he was not serving the business interests of KLLM. As the *Frankart* Court noted, it is the nature of the trucking business that drivers will make deliveries and return home with no further load or assignment. These drivers are still, however, using the trucks in the business of the company. In this case, Boatwright was even more involved in the business of KLLM. Boatwright had not completed his delivery nor was he returning home at the time of the collision with Greenwell. Rather, he was simply looking for a place to sleep in order to rise the next morning to complete the delivery and return home. Thus, he was certainly still using his semi-tractor in the business of KLLM at this time because his duties to KLLM were far from complete. Accordingly, we reverse the judgment of the Dis-

trict Court and grant summary judgment to Carolina Casualty.